IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-61-BO

| | |
|---|---|
| ALONZA E. HOLLOWAY,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | )<br>)<br>)<br>)   **O R D E R**<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 13, 15]. A hearing on this matter was held in Elizabeth City, North Carolina on December 15, 2015. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the judgment of the commissioner is reversed.

## BACKGROUND

Plaintiff applied for disability insurance benefits on July 27, 2009, alleging disability beginning May 19, 2003. [Tr. 50]. This application was denied initially and upon reconsideration. [Tr. 52, 56]. An Administrative Law Judge (ALJ) held a hearing and on August 26, 2011, rendered an unfavorable decision. [Tr. 7]. The Appeals Council denied Mr. Holloway's request for review on January 2, 2013. [Tr. 1]. He timely appealed to this Court. [Tr. 556–57]. Following defendant's consent motion for voluntary remand, this Court remanded the case to the Appeals Council on August 16, 2013. [Tr. 559–60]. The Appeals Council, in turn, remanded the case to the ALJ with instructions on how to address the errors in his opinion. [Tr. 561–65]. Following a second hearing, the same ALJ again issued an unfavorable opinion on December 10, 2014. [Tr. 491]. Plaintiff directly appealed to this Court, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

On his date last insured, December 31, 2008, plaintiff was 58 years old. [Tr. 114]. He has past relevant work as a corrections officer. [Tr. 517].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity during the period from his alleged onset date to

2

the date last insured. [Tr. 496]. Mr. Holloway's skin disorder qualified as a severe impairment at step two but was not found to meet or equal a Listing at step three. [Tr. 496–97]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform less than the full range of medium work, but that he could lift, carry, push, and pull up to 50 pounds, and frequently lift, carry push, and pull up to 25 pounds. [Tr. 497]. The ALJ then found that Mr. Holloway could no longer perform his past relevant work. [Tr. 501]. At step five, however, the ALJ relied on a vocational expert to find that jobs existed in significant numbers in the national economy that plaintiff could perform, including linen room attendant, marker, and checker. [Tr. 502].

Mr. Holloway alleges that the ALJ erred by failing to give adequate weight to the opinion of his treating physician, Dr. Jennings. Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ must explain his reasons for failing to adopt the opinion of a treating physician. *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding where the ALJ did not explain adequately why he credited one doctor over another).

Plaintiff suffers from actinic reticuloid dermatitis and photosensitive eczema which are triggered by environmental stimuli. [Tr. 318]. Treatment records from Dr. Jennings span over ten years, beginning in 2000, and consistently are characterized by recurring, environmentally-triggered flares. He experienced flares in 2002 [Tr. 320–322, 241–42] and 2003 [Tr. 328–333, 340], before a flare-free period from November 2003 to April 2004. [Tr. 348]. He then experienced a flare in September 2004 [Tr. 349–51], after which he went over a year without experiencing any triggers. [Tr. 465]. In 2006, however, he suffered a number of flares. [Tr. 467–

3

69, Tr. 471, Tr. 252–59]. By June of 2007, he had his eczema under control, and he avoided triggers until July of 2009. [Tr. 273, 300]. In May 2011, Physician's Assistant (PA) Norris pointed to numerous office visits that were due to trigger exposure. [Tr. 485, 489]. Following remand, the evidence is similar. Mr. Holloway had a flare in January 2013, but after avoiding triggers, was clinically clear. [Tr. 679–82]. He suffered another flare in September 2013. [Tr. 684–87].

Physician's Assistant (PA) Norris wrote a letter in 2004, with which Dr. Jennings concurred, detailing the extent of plaintiff's ailments. [Tr. 243–45, 485–89]. She noted that Mr. Holloway's eczema would severely flare with any sun exposure during the summer months regardless of whether he wore sunscreen. [Tr. 485]. She further noted that the condition was chronic, and Mr. Holloway needed to avoid "temperature changes, wind, fragrance products, and sun exposure even in small doses." [Tr. 488]. Notes indicate that phototherapy poorly controls his condition and that systemic steroid use was disfavored, due to side effects, and restricted plaintiff to "minimal periods of sun exposure, changes in temperature . . ., wind, fragrances, and anything causing perspiration." [*Id.*] After every flare, the medical records indicate that trigger avoidance was of paramount importance. Dr. Jennings issued two further opinions in July 2014 reiterating the 2004 opinion and adding that work that required Mr. Holloway to lift and carry 25 pounds on a frequent basis would cause perspiration and raised internal temperature, leading to flares. [Tr. 742–43].

In dismissing Dr. Jennings's opinion, the ALJ merely recycled his reasoning from his first opinion, ignoring the instructions from the Appeals Council. He again gave little weight to Dr. Jennings's opinion because there was no treatment history from June 2007 through July 2009. [Tr. 500–01]. He again (erroneously) found that the VA treatment records did not mention

4

a skin disorder. [Tr. 564]. And he again found that Mr. Holloway's skin condition responded to medications, light therapy and antibiotics. [Tr. 15, 500]. None of these conclusions is supported by the record. Dr. Jennings's opinion and treatment records are corroborated by the Veteran's Administration (VA) records which, contrary to the ALJ's finding, do discuss plaintiff's skin conditions. [Tr. 386–87, 383–84, 311–16, 708]. The lack of treatment history from 2007 to 2009 is consistent with Mr. Holloway's sporadic, environmentally-triggered condition.

It is clear that Dr. Jennings's opinion should be given controlling weight, as there is corroborated by medical evidence from the VA and not inconsistent with other record evidence. The only evidence to the contrary is that of state agency physician who merely reviewed plaintiff's records. [Tr. 231–38]. Giving Dr. Jennings's opinion controlling weight necessarily leads to the conclusion that Mr. Holloway could not perform medium work. As the ALJ noted, if no jobs were available to anyone who had to avoid work activity that caused perspiration. [Tr. 533–34]. Moreover, an RFC of light work necessitates a finding of disability under the Medical Vocational Guidelines (Grids). Accordingly, Mr. Holloway should have been found disabled pursuant to grid rule 202.06. 20 C.F.R. Pt. 404, Subpt. P, App' x II 202.06.

The ALJ's errors in this case are compounded by the fact that he disrespectfully referred to plaintiff as a "bubble boy" during the hearing. [Tr. 34–35]. Such a comment from anyone is completely inexcusable, but it is particularly problematic in the context of a disability hearing. The ALJ is a professional whose job it is to evaluate serious health problems. Such a flippant attitude towards plaintiff's impairment is evidence that the ALJ was unwilling or unable to take plaintiff's impairment seriously and remain unbiased. Were it not for the fact that the record makes clear that plaintiff is disabled, the ALJ's abhorrent behavior alone would warrant a remand to a different ALJ.

5

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, it is clear that the record does not contain substantial evidence to support a decision denying coverage.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 15] is DENIED, plaintiff's motion for judgment on the pleadings [DE 13] is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED, this __21__ day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:15-cv-00061-BO   Document 21   Filed 12/22/15   Page 6 of 6